U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED
OCT 0 2 2006
ROBERT H. SHEMWELL, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| GILBERT CLAY | DOCKET NO. 06-CV-0464, SEC.P |
| VERSUS | JUDGE TRIMBLE |
| T. W. THOMPSON, ET AL | MAGISTRATE JUDGE KIRK |

## REPORT AND RECOMMENDATION

Before the Court is a civil rights complaint filed pursuant to 42 U.S.C. § 1983 by *pro se* Plaintiff **Gilbert Clay** ("Plaintiff"), on February 8, 2006, in the Eastern District of Louisiana. [Doc. #1] On March 13, 2006, the case was transferred to this district. [Doc. #4, 5] Plaintiff was granted permission to proceed *in forma pauperis* on April 24, 2006. [Doc. #8] Plaintiff is an inmate in the custody of the Louisiana Department of Corrections. At the time of filing suit, he was housed at the Winn Correctional Center ("WCC") in Winnfield, Louisiana. Plaintiff has alleged that he was subjected to mental and physical abuse in violation of his constitutional rights while he was incarcerated at J. Levy Dabadie Correctional Center ("JLDCC") in Pineville. Plaintiff seeks monetary damages for his pain and suffering.

On May 11, 2006, the Court ordered Plaintiff to amend his complaint to provide more information regarding his claim. A copy of the order to amend was sent to the plaintiff at WCC, his address

on file with the Clerk of Court. [Doc. #10] The document was returned to the Clerk by the U.S. Postal Service on May 19, 2006. [Doc. #11]

## LAW AND ANALYSIS

Rule 41(b) of the Federal Rules of Civil Procedure permits involuntary dismissal of claims "[f]or failure of the plaintiff to prosecute or to comply with ... any order of court..." The district court has the inherent authority to dismiss an action for failure to prosecute, *sua sponte*, without motion by a defendant. Link v. Wabash R.R.Co., 370 U.S. 626, 630-31 (1962); McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir.1988). Further, Local Rule 41.3W provides in part, "The failure of an attorney or pro se litigant to keep the court apprised of an address change may be considered cause for dismissal for failure to prosecute when a notice is returned to the court for the reason of an incorrect address and no correction is made to the address for a period of thirty days."

More than thirty (30) days have elapsed since the order to amend was returned to the court, and the plaintiff has failed to provide the Court with an updated and current address.

## CONCLUSION

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff's Civil Rights Complaint be **DISMISSED** in accordance with the provisions of FRCP Rule 41(b) and LR41.3W.

2

## OBJECTIONS

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** See, <u>Douglass v. United Services Automobile Association</u>, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED at Alexandria, Louisiana, this 2rd day of October, 2006.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE